

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7250
Washington, DC 20530

Tel: 202-353-2689

January 10, 2014

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    RE:   *New York Times Co. v. United States,* Nos. 13-422 (Lead),
              13-445 (Con.) (2d Cir.)

Dear Ms. Wolfe:

    Pursuant to Fed. R. App. P. 28(j), the government appellees hereby submit the D.C. Circuit's recent decision in *Electronic Frontier Foundation v. U.S. Dep't of Justice,* No. 12-5363 (Jan. 3, 2014).

    In *Electronic Frontier Foundation,* the D.C. Circuit held that an advice memorandum prepared by the Office of Legal Counsel for the Federal Bureau of Investigation is not subject to compelled disclosure under the Freedom of Information Act. The Court rejected the argument that the memorandum is "working law," reasoning that "OLC is not authorized to make decisions about the FBI's investigative policy" and that its legal advice to FBI officials "is not the law of an agency unless the agency adopts it." Slip op. 12-13. Notably, the plaintiff in the case argued "that the OLC Opinion must be 'working law' because it is controlling (insofar as agencies customarily follow OLC advice that they request), precedential, and can be withdrawn." Slip op. 14. The D.C. Circuit held, however, that "[e]ven if the OLC Opinion describes the legal parameters of what the FBI is

*permitted* to do, it does not state or determine the FBI's policy," and hence is not working law. *Id.* The Court also rejected the argument that the memorandum has been "adopted" or incorporated by reference, applying and distinguishing *Brennan Center for Justice v. Department of Justice*, 697 F.3d 184 (2d Cir. 2012) and *National Council of La Raza v. Department of Justice*, 411 F.3d 350 (2d Cir. 2005). Slip op. 16-17. The D.C. Circuit reasoned that the FBI has not publicly "invoked the reasoning of the OLC memorandum to justify its new position" or to "adopt[] the OLC Opinion as *its own* reasoning." *Id.* (emphasis in original). Here, similarly, any OLC legal advice about the use of targeted lethal force does not itself establish any agency's policy, nor has any agency official publicly invoked an OLC opinion memorandum as the basis for agency policy or expressly adopted the contents of such memorandum as the agency's own reasoning.

                                      Sincerely,

                                      /s/ Sharon Swingle

                                      Sharon Swingle

cc:    Plaintiffs-appellants (via CM/ECF)