NATIONAL SECURITY
PROJECT



January 17, 2014

**BY ECF**

Hon. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

Re: *N.Y. Times Co. v. DOJ*
Nos. 13-422 (Lead) & 13-445 (Con.)

Dear Ms. Wolfe:

Plaintiffs–Appellants the American Civil Liberties Union and American Civil Liberties Union Foundation (together, the "ACLU") submit this response to the government's January 10, 2014 Rule 28(j) letter bringing to the Court's attention the D.C. Circuit's recent decision in *Electronic Frontier Foundation v. DOJ*, No. 12-5363, 2014 WL 25916 (D.C. Cir. Jan. 3, 2014) ("*EFF v. DOJ*").

Even if *EFF* was correctly decided, which the ACLU does not concede, the D.C. Circuit's decision is inapposite for several reasons.

First, in *EFF*, the D.C. Circuit declined to find "working law" with respect to an OLC opinion prepared four years *after* the FBI discontinued the "flawed practice" to which the opinion related. *See* 2014 WL 25916, at *2–*3. This case, however, involves OLC opinions prepared *in anticipation of* a policy decision that was later made on the basis of that advice. As the Supreme Court explained in *NLRB v. Sears, Roebuck & Co.*, 421

U.S. 132 (1975), that distinction is crucial to the scope of the Exemption 5 privilege.*

Second, this case—unlike *EFF*—involves repeated public references by government officials to the relevant OLC memoranda indicating the government's adoption of the legal advice they contain. *See, e.g.*, ACLU Br. 24–25 (discussing statements by the White House's chief counterterrorism advisor, the White House press secretary, and the Attorney General). That stands in marked contrast to the facts in *EFF*, where the FBI had expressly "disavowed reliance on the OLC Opinion" during congressional testimony, 2014 WL 25917, at *9. In fact, the D.C. Circuit's adoption analysis pointedly distinguished *EFF* from two Second Circuit cases on grounds that also squarely describe this case. *See id.* (distinguishing *Brennan Center* and *La Raza* "because, in each one, the agency *itself* publicly invoked the reasoning of the OLC memorandum *to justify* its new position"); *see also* ACLU Br. 54 ("But 'invoke' and 'shield' is exactly what the government has done here." (quoting *Brennan Center*, 697 F.3d at 208)).

Finally, the roles played by the OLC opinions in *EFF* and in this case are starkly different. In *EFF*, the court concluded that the OLC opinion at issue "d[id] not provide an authoritative statement of the FBI's policy" but "merely examine[d] policy options available to the FBI." 2014 WL 25917, at *8. However, in this case, as government officials' statements have repeatedly made clear, the OLC opinions provided guidance to be followed across the executive branch. That function— "'to develop a body of coherent, consistent interpretations of federal . . . laws," *id.*, at *6 (quoting *Tax Analysts v. IRS*, 117 F.3d 607, 617 (D.C. Cir. 1997))—is the very essence of "working law" as interpreted in *EFF*.

---

* *See Sears*, 421 U.S. at 152 (quoted in *Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. DOJ*, 697 F.3d 184, 195–96 (2d Cir. 2012); *Nat'l Council of La Raza v. DOJ*, 411 F.3d 350, 360 (2d Cir. 2005)):

> The public is only marginally concerned with reasons supporting a policy which an agency has rejected, or with reasons which might have supplied, but did not supply, the basis for a policy which was actually adopted on a different ground. In contrast, the public is vitally concerned with the reasons which did supply the basis for an agency policy actually adopted. These reasons, if expressed within the agency, constitute the 'working law' of the agency . . . .

Respectfully submitted,

By: /s/ Jameel Jaffer
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
Jameel Jaffer
Hina Shamsi
Brett Max Kaufman
125 Broad Street—18th Floor
New York, NY 10004
Phone: 212.549.2500
Fax: 212549.2654
jjaffer@aclu.org

DORSEY & WHITNEY LLP
Eric A.O. Ruzicka (*pro hac vice*)
Colin Wicker (*pro hac vice*)
50 South Sixth Street
Minneapolis, Minnesota 55402-1498
Phone: 612.340.2959
Fax: 612.340.2959
Ruzicka.Eric@dorsey.com

Joshua Colangelo-Bryan
51 West 52nd Street
New York, New York 10019-6119
Phone: 212.415.9200
Fax: 212.953.7201
colangelo.bryan.josh@dorsey.com

*Counsel for Appellants*
   *American Civil Liberties Union &*
   *American Civil Liberties Union*
   *Foundation*

cc:    Defendants–Appellees (via ECF)