13-422-cv (L)
The New York Times Company v. United States

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2013

Submitted: June 5, 2014          Decided: August 11, 2014

Docket Nos. 13-422(L), 13-445(Con)

- - - - - - - - - - - - - - - - - - - - - - -

THE NEW YORK TIMES COMPANY, CHARLIE SAVAGE,
SCOTT SHANE, AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION FOUNDATION,
    Plaintiffs-Appellants,

        v.


UNITED STATES DEPARTMENT OF JUSTICE, UNITED
STATES DEPARTMENT OF DEFENSE, CENTRAL
INTELLIGENCE AGENCY,
    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, CABRANES, and POOLER, <u>Circuit Judges</u>.

1    Supplemental opinion on petition for rehearing.

2    With respect to the supplemental request for additional

3 redactions from the required disclosure of titles and/or

4 descriptions of some items listed in the *Vaughn* index, request

5 granted in part and denied in part; petition for panel

6 rehearing again denied.

7                              Sharon Swingle, Atty., Appellate
8                              Staff, Civil Division, U.S.
9                              Dept. of Justice, Washington,

1

D.C.; Preet Bharara, U.S. Atty., Sarah S. Normand, Asst. U.S. Atty., New York, N.Y., Stuart F. Delery, Asst. U.S. Atty. General, Beth S. Brinkman, Deputy Asst. U.S. Atty. General, Douglas N. Letter, and Matthew M. Collette, Attys., Appellate Staff, Civil Division, U.S. Dept. of Justice, Washington, D.C., on the petition, for Defendants-Appellees.

No opposition papers requested.

JON O. NEWMAN, <u>Circuit Judge</u>:

After we ruled on the Government's motion for panel rehearing in this needlessly protracted FOIA litigation (the Plaintiffs' FOIA requests were made four years ago), the Government moved for leave to file *ex parte* and *in camera* two submissions ("July 28 submissions") in support of its petition for rehearing in banc. *See* Motion to Submit *Ex Parte* Classified and Privileged Supplemental Declarations in Support of Petition for Rehearing En Banc, filed July 23, 2014 (hereinafter "July 23 Motion"). On July 25, 2014, Chief Judge Katzmann, treating the request as a one-judge procedural motion, granted the motion, and the two new submissions were filed *ex parte* and *in camera* on July 28, 2014. Because it is

2

the practice of this Court, prior to the convening of an in banc court, to have all in banc submissions initially considered by the relevant panel prior to circulation to the active judges of the Court, the July 28 submissions have been made available to the panel, which has elected to treat them as a tardy supplemental request in support of the Government's June 5, 2014, petition for panel rehearing.  Following the filing of this supplemental opinion on the petition for panel rehearing, the July 28 submissions and this opinion will be circulated to the active judges (they have already received the Government's petition for rehearing in banc and this panel's prior opinions).

<div align="center">Background</div>

Assessment of the requests in the July 28 submissions for further redactions from the *Vaughn* index in addition to those authorized by the panel's July 10, 2014, opinion, which denied, with several exceptions, rehearing on the bifurcated *Vaughn* index issues, requires a brief summary of the pertinent steps taken in this Court.

On April 15, 2013, The New York Times plaintiffs, in their opening appellate brief, specifically included in their request for relief that we should "direct DOJ to *provide* a

<div align="center">3</div>

*Vaughn* index as to any additional documents [beyond the OLC-DOD Memorandum] that were subject to the *Glomar* responses," Br. for NYTimes at 51 (emphasis added), a request repeated in the June 28, 2013, reply brief at 24.  Indeed, in its June 5, 2014, petition for rehearing, the Government acknowledged that the Plaintiffs had "argued that the government should prepare *and produce* a public *Vaughn* index." Pet. for Reh'g at 12 (emphasis added).  Thus, more than a year ago, the Plaintiffs made it clear that they wanted a *Vaughn* index from DOJ.[1]  The Government's claim that the panel ordered release of a *Vaughn* index "*sua sponte*," *see* July 23 Motion at 1, is incorrect.

On June 14, 2013, the Government in its brief referred in a footnote to "the *Vaughn* index submitted by the Office of Legal Counsel as an attachment to a responsive e-mail." Br. for Appellees at 25 n.8.  The brief defended the Government's use of DOJ's no number, no list response (rather than a *Vaughn* index).

On February 10, 2014, after oral argument, the panel provided to the Government *ex parte* and *in camera* its proposed opinion "to afford an opportunity to advise whether any

---

[1] Although the Plaintiffs did not request the specific *Vaughn* index that OLC had prepared, of which the Plaintiffs were unaware, their request for a *Vaughn* index was clear.

4

classified information, not intended to be disclosed by this opinion, has been inadvertently disclosed." *See The New York Times Co. v. U.S. Dep't of Justice*, 752 F.3d 123, 144 n.23 (2d Cir. 2014). That proposed opinion required disclosure of OLC's *Vaughn* index, but redacted a number of listings. *See id.* at 143-44.

On March 13, 2014, the Government responded to that opportunity by submitting a motion *ex parte* and *in camera*, which requested redaction of just four listings in the *Vaughn* index (nos. 252-54, 268), three of which we had already indicated would be redacted.

On March 17, 2014, we provided the Government *ex parte* and *in camera* a revised version of the panel's proposed opinion, which still required disclosure of OLC's *Vaughn* index, subject to the four additional redactions.

On March 28, 2014, the Government responded *ex parte* and *in camera* with a request that certain portions of the revised proposed opinion quoting public statements of senior officials either be redacted or moved to a different location in the opinion in order to preserve the Government's opportunity for further appellate review. This response to the revised proposed opinion made no request to redact any additional listings in the *Vaughn* index.

On April 21, 2014, the panel filed public and sealed versions of its opinion. *See The New York Times Co. v. U.S. Dep't of Justice*, 752 F.3d 123 (2d Cir. 2014) (public version). The statements identified in the Government's March 28, 2014, submission were transferred from the public version to the sealed version.

On May 28, 2014, we filed an order that, among other things, reiterated the first three redactions from the *Vaughn* index that were sought in the Government's March 13, 2014, submission, and agreed to the fourth one. *See The New York Times Co. v. U.S. Dep't of Justice*, Order at 5 (May 28, 2014). No other redactions had been requested in the Government's March 13, 2014, submission.

On June 5, 2014, the Government filed its petition for panel and in banc rehearing. The petition identified three groups of listings in the OLC's *Vaughn* index that it contended should be redacted and asserted that "other" listings, not identified by number, should also be redacted. *See* Petition at 14.

On June 9, 2014, the Court submitted to the Government *ex parte* and *in camera* a proposed panel opinion on the petition for rehearing, and on June 10, 2014, the panel issued an order

6

that (1) noted that the proposed opinion would bifurcate the *Vaughn* index issues for later adjudication, and (2) directed the Government to notify the Court by June 20, 2014, of any objection "set forth with specificity" to the filing of the proposed opinion. *See The New York Times Co. v. U.S. Dep't of Justice*, Order at 2 (June 10, 2010).   On June 20, 2014, the Government submitted *ex parte* and *in camera* a response to the Court's June 10, 2014, order.   That response requested redactions from the OLC-DOD Memorandum, which were subsequently made.

On June 23, 2014, the panel filed an opinion partially denying rehearing.  *See The New York Times Co. v. U.S. Dep't of Justice*, 2014 WL 2854878 (June 23, 2014).   That opinion bifurcated the *Vaughn* index issues, made all of the additionally requested redactions from the OLC-DOD Memorandum, and deferred adjudication of the *Vaughn* index issues. *See id.* at *1-*2.   On June 23, 2014, the panel also filed a revised version of its April 21, 2014, opinion. *See The New York Times Co. v. U.S. Dep't of Justice*, 2014 WL 2838861 (2d Cir. June 23, 2014).

On July 10, 2014, the panel filed an opinion adjudicating the *Vaughn* index issues and denying the petition for

rehearing, with the exception that the panel further revised its June 23, 2014, opinion to redact many of the titles and descriptions for which the Government had sought exemption in its petition for rehearing. *See The New York Times Co. v. U.S. Dep't of Justice*, 2014 WL 3396075 (July 10, 2014).

This was the state of affairs when on July 25, 2014, the Government filed the July 23 Motion, seeking leave to file the July 28 submissions. Those submissions requested that eleven listings in the *Vaughn* index (nos. 7, 8, 75, 113, 12-22, 132, 136, 138, and 139), for which redaction had not previously been sought, be redacted; sought redaction of one listing (no. 108), which had not been ordered disclosed; and renewed the Government's request to redact 26 listings (nos. 58-61, 63-65, 71, 73, 74, 76, 77, 83, 89-91, 95, 96, 98, 99, 102, 108, and 129), which we had not redacted. The submissions included two affidavits from senior officials supporting the new and renewed claims. In the July 23 Motion, the Government contended that the Court had not "provide[] the government the opportunity to redact classified or privileged entries" from the *Vaughn* index, *see* July 23 Motion at 3, a somewhat surprising claim in view of the Government's opportunity to see, prior to filing, the Court's original proposed opinion

8

1  and the revised proposed opinion, both of which ordered

2  partial disclosure of *Vaughn* index titles and descriptions.

3  <center>Discussion</center>

4  Before considering the specific new and renewed requests,

5  we encounter the Government's general contention that the

6  OLC's *Vaughn* index was of a type never intended to be made

7  public.  The Government advances the new argument that there

8  are two types of *Vaughn* indices.  The July 28 submissions

9  distinguish the *Vaughn* index submitted in this case, which was

10 classified, from a *Vaughn* index that the Government says it

11 would have prepared for disclosure.  The former, the

12 Government asserts, "was prepared with a view toward providing

13 the district court with a robust understanding of the nature

14 and range of issues implicated by the pending FOIA matter

15 before it. . . ." Affidavit of John E. Bies, Deputy Asst.

16 Atty. Gen., OLC, at 2, ¶ 2.  The latter would "appropriately

17 protect[] privileged attorney-client communications and

18 Executive Branch deliberations in describing withheld

19 records." *Id.* at 3, ¶ 5.

20 Although we appreciate the Government's objective of

21 giving the District Court "a robust understanding" of the

22 issues, we would expect such a presentation to be made in

<center>9</center>

1  supporting briefs and affidavits.  With respect to so-called

2  "classical" *Vaughn* indices, *see Keys v. U.S. Dep't of Justice*,

3  830 F.2d 337, 349 (D.C. Cir. 1987), which simply list titles

4  and descriptions of withheld documents, we have located no

5  FOIA decision mentioning two types of such indices – one to

6  assist a district court and another for public release – and

7  the Government has called none to our attention.  We will

8  therefore continue, as we have thus far, to base our

9  disclosure rulings on the *Vaughn* index that OLC has already

10 prepared, with such redactions as may be appropriate. *See*

11 *Hayden v. National Security Agency*, 608 F.2d 1381, 1384 (D.C.

12 Cir. 1979) (noting that some items in a *Vaughn* index are

13 appropriately withheld from disclosure).

14     Furthermore, we emphasize that we are ordering disclosure

15 only of the titles and descriptions of the several documents

16 we identify by number.[2]  The purpose of a *Vaughn* index is to

17 afford a FOIA plaintiff an opportunity to decide which of the

18 listed documents it wants and to determine whether it believes

19 it has a basis to defeat the Government's claim of a FOIA

20 exemption. *See Keys*, 830 F.2d at 349.  Titles and descriptions

_____

[2] The titles and description must, of course, be keyed to
the number of the listing, together with the one or more FOIA
exemptions asserted by the Government.

serve that purpose.  Thus, the Government's current request to redact the names of the sender and/or recipient of some of the listed documents (nos. 75, 113, 116, and 136) as identified in the "To" and "From" columns of the *Vaughn* index is moot; no disclosures of the names of persons have been required.  No disclosures of any entries in the "Date(s)," "To," or "From" columns have been required.

Coming at last to the Government's specific requests for redaction, in light of the new submissions, we will make the following additional redactions: in listings 7, 95, 116, and 117, the identity of the sending agency may be redacted from the descriptions of these four listings; in listings 8, 58, 59, 60, 61, 62, 63, 64, 65, 71, 73, 76, 77, 83, 89-91, 95, 96, 98, 99, 102, 117, 120, 123, and 132, the titles, but not the descriptions, may be redacted.  The descriptions of these listings reveal no information at all.  We deny the requests to redact the titles and descriptions of listings 74, 129, 136, 138, and 139, which either reveal no information or are blank.[3]

To recapitulate, as a result of the new redactions set forth in this opinion, we require disclosure only of

---

[3] By "blank" we do not mean redacted; the entry under the "Title/Subject" column is blank.

(1) the titles and descriptions of listings 5, 7 (except for the identity of the sending agency in the description), 9, 50, 74, 75, 110, 113, 116 (except for the identity of the sending agency in the description), 117 (except for the identity of the sending agency in the title and description), 121, 122, 129, 131, 133-243, 269, and 270, and

(2) the descriptions of listings 57, 58-61, 62, 63, 64, 65, 66, 68, 69, 70, 71, 73, 76, 77, 78, 79, 80, 81, 82, 83, 87, 88, 89-91, 92, 93, 95 (except for the identity of the sending agency in the description), 96, 97, 98, 99, 100, 102, 103, 104, 118, 120, 123-28, 130, and 132.[4]    We require no disclosure of the date or the name of any person or agency that sent or received a listed document.    Finally, as we have repeatedly pointed out, we require no disclosure of the content of any listed document.

Supplemental request for additional redactions from the *Vaughn* index granted in part and denied in part; petition for panel rehearing again denied.

---

[4] To whatever extent the summary of required disclosures in this opinion is inconsistent with the summary in our July 10, 2014, opinion, *see The New York Times Co. v. U.S. Dep't of Justice*, 2014 WL 3396075 (2d Cir. July 10, 2014) *4 n.12, the summary in this opinion will govern.